# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES EDWARD JONES, JR.,<br><br>Defendant. | ‖ | No. 22-CR-2047-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

## I.    INTRODUCTION

This matter is before the Court on defendant's Motion to Dismiss the Indictment with Prejudice.  (Doc. 16).  The government filed a timely resistance.  (Doc. 19). Defendant filed a reply.  (Doc. 22).  For the following reasons, the Court **denies** defendant's Motion to Dismiss the Indictment.

## II.    RELEVANT BACKGROUND

On September 8, 2022, a grand jury returned a one-count Indictment charging defendant with possession of a firearm by a prohibited person in violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(9), and 924(a)(2).  (Doc. 3).  Specifically, the Indictment alleges that on or about October 25, 2021, defendant, knowing he had previously been convicted of (1) a crime punishable by a term exceeding one year and (2) a misdemeanor crime of domestic violence, knowingly possessed a firearm, namely a Glock 22, .40 S&W caliber pistol, in and affecting commerce.  (*Id.*).

On September 8, 2022, this case was sealed until such time defendant was arrested for the charge alleged in the Indictment.  (Doc. 5).  On September 26, 2023, the Court granted a Motion for Writ of Habeas Corpus ad prosequendum as to defendant.  (Docs. 6 & 7).  On September 28, 2023, defendant was arrested on the September 8, 2022

warrant issued in this case. (Doc. 9). On October 2, 2023, the Court appointed counsel, and that same day, defendant had his initial appearance and arraignment. (Docs. 10 & 11).

### III.    APPLICABLE LAW

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. CONST. amend. VI. The Speedy Trial Act ("STA") effectuates this Sixth Amendment right to a speedy trial, providing time limits, conditions, and exclusions to the speedy trial clock—the timeline by which the government must abide, absent waiver, in trying an individual for crimes alleged within the specific charging document. 18 U.S.C. § 3161. The Sixth Amendment right to a speedy trial does not attach, however, to the time period prior to a defendant's indictment, arrest, or before he is officially accused—whichever comes first. *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002); *United States v. Garner*, 32 F.3d 1305, 1308-09 (8th Cir. 1994); *United States v. MacDonald*, 456 U.S. 1, 7 (1982); *United States v. Lovasco*, 431 U.S. 783, 788-90 (1977) (discussing inapplicability of Sixth Amendment speedy trial right pre-indictment); *United States v. Marion*, 404 U.S. 307, 313, 321 (1971) ("Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend that reach of the [Sixth A]mendment['s speedy trial provision] to the period prior to arrest."). Further, it is unusual that a court would find the Sixth Amendment has been violated when the STA has not. *See Sprouts*, 282 F.3d at 1042.

Once the right to a speedy trial has attached and until the point of conviction, courts evaluate alleged speedy trial violations using a four-factor balancing test: (1) length of the delay, (2) the reason for the delay, (3) defendant's assertion of the right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972). "We regard none of the four factors identified above as either a necessary or sufficient

condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533.

The first *Barker* factor asks whether the delay prior to the trial was uncommonly long. *United States v. Cooley*, 63 F.4th 1173, 1178 (8th Cir. 2023). This is a two-part inquiry, however, asking first whether the length of delay was presumptively prejudicial. *United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014). Though dependent on the circumstances, courts often use one year of delay as the marker for a "presumptively prejudicial" delay, and only after finding such presumptive prejudice do courts undertake the remainder of the *Barker* inquiry. *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008); *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). If the court finds presumptive prejudice, it moves on to the first factor's second prong: "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Rodriguez-Valencia*, 753 F.3d at 805. The presumed prejudice resulting from any pretrial delay is assumed to prejudice the defendant to a greater extent as more time passes. *Id.* (further citations omitted).

Under the second factor, courts examine the reasons for the delay and whether the government or defendant is more responsible for the delay. *Id.* Though any delay the defendant caused is weighed against that defendant, delays the government caused weigh in favor of the defendant. *United States v. Erenas-Luna*, 560 F.3d 772, 777 (8th Cir. 2009). When the government causes a delay, it is significant whether the delay was intentional or simply negligent—an intentional delay will weigh heavily against the government, but a negligent delay, though of considerable weight, weighs less heavily. *United States v. Walker*, 92 F.3d 714, 717 (8th Cir. 1996) (citing *Barker*, 407 U.S. at 531; *Doggett*, 505 U.S. at 652-53).

3

Courts evaluating the third factor look to whether and how assertion of the speedy trial right occurred. *Barker* instructs courts to consider both the frequency and force of the assertion of the right "as opposed to attaching significant weight to a purely pro forma objection." *United States v. Sims*, 847 F.3d 630, 636 (8th Cir. 2017) (quoting *Barker*, 407 U.S. at 529).

The final factor asks whether the delay caused defendant to suffer prejudice. *Cooley*, 63 F.4th at 1179. Actual prejudice must be shown when "the government exercised reasonable diligence in pursuing the defendant." *Erenas-Luna*, 560 F.3d at 778-79. But when the government was negligent in pursuing the defendant, "prejudice can be presumed if there has been an excessive delay." *Id.*, at 779 (further citation omitted). In assessing this factor, courts must consider the interests the right to speedy trial was designed to protect, including: (1) "to prevent oppressive pretrial incarceration;" (2) to minimize the defendant's "anxiety and concern;" and (3) "to limit the possibility that the defense will be impaired[,]" the most serious of these concerns being the last. *Barker*, 407 U.S. at 532-33.

## IV.    ANALYSIS

Defendant argues his Indictment must be dismissed, as the government has violated his right to speedy trial. (Doc. 16). First, defendant argues that the time between the Indictment and his arrest is presumptively prejudicial under the first prong of the first *Barker* factor. (Doc. 16-1, at 3-4). He then asserts the second prong of the first factor weighs in his favor based on the delay. (*Id.*, at 4). Defendant next states the second factor weighs in favor of defendant because he alleges it is government-caused. (*Id.*, at 4-8). Further, defendant argues the third factor does not weigh against him, as any lack of assertion of the right is due to lack of representation stemming from the dismissal of state charges and consequent loss of court-appointed counsel paired with him not receiving federal appointed counsel until recently. (*Id.*, at 8-9). Last, defendant asserts

4

that the final factor weighs in his favor because all three interests iterated in *Barker* are implicated here. (*Id.*, at 9-11). Thus, defendant requests the Court dismiss his Indictment.

### A. *Length of Delay*

The Court finds this factor weighs against defendant. Defendant argues that because the delay is over 12 months, the delay is presumptively prejudicial and triggers further *Barker* review. (*Id.*). Defendant adds that he also satisfies the second inquiry because the delay exceeds the bare minimum needed to trigger analysis of his claim; defendant was indicted September 7, 2022, arrested October 2, 2023, and is set for trial on December 4, 2023[1]. (*Id.*, at 4).

The government resists, stating the delay was neither presumptively prejudicial nor uncommonly long because for about 12 of the 15 months of alleged delay, defendant was pending trial in Iowa state court. (Doc. 19, at 4-5). Thus, the government argues defendant was unavailable for much of this time and not through any fault of the government. (*Id.*). Instead, the government urges the relevant time period for any speedy trial calculation is August 28, 2023, through December 4, 2023, which is not presumptively prejudicial, nor is it an uncommonly long delay. (*Id.*).

### 1. *Presumptive Prejudice*

The Court finds the delay here is not presumptively prejudicial. By the time of defendant's originally scheduled trial date of December 4, 2023, slightly less than 15 months would have elapsed from the return of the Indictment. But 15 months have not elapsed due to the government's actions; defendant requested a plethora of continuances in his unrelated state case, causing delays in its adjudication. (Doc. 19-2). On similar

---

[1] Defendant was actually arrested on September 28, 2023, (Doc. 9), and his original trial date was December 4, 2023, but defendant filed a motion to continue trial which the Court granted, rescheduling the trial for February 5, 2023. (*See* Docs. 20; 21).

facts, the Eighth Circuit Court of Appeals has not looked from the time of indictment or arrest to the time of trial in analyzing whether presumptive prejudice exists. *See United States v. Ali*, 47 F.4th 691, 698 (8th Cir. 2022) ("But the delays in this case are not attributable to the government as they resulted from delays requested by his co-defendants or ordered by the court in which he acquiesced. This means that the relevant period is between October 19, 2020, and January 11, 2021, the date Ali's trial began. This period of delay does not trigger presumptive prejudice."). Here, the Court looks to the moment the state court sentenced defendant—the moment the government could successfully request defendant's presence for the adjudication of this case without disruption to state proceedings—to the moment of trial; thus, the relevant period is August 28, 2023, through the original trial date of December 4, 2023, a 99-day period. *See United States v. Brown*, 325 F.3d 1032, 1035 (8th Cir. 2003) (stating in court's *Barker* analysis that decision to avoid seeking custody of federal defendant so as to not disrupt state prosecution was reasonable). Contrary to defendant's assertion, the relevant period bears no presumptive prejudice. *Id.* (finding no prejudice for 85-day delay); *see United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003) (finding no presumptive prejudice for five-month delay).

The Court, therefore, finds no presumptive prejudice and need not evaluate the remaining factors. The Court will, nevertheless, examine the remaining factors.

### 2. *Extent of the Delay*

Even if the Court had found presumptive prejudice, the first factor does not weigh in favor of dismissing the Indictment. Defendant argues that because defendant was originally going to face trial 15 months after being indicted, the extent of the delay far exceeds the typical 12-month threshold to trigger judicial review, thus weighing in his favor. (Doc. 16-1, at 4).

Defendant's argument is unpersuasive. The Court does not find that the delay is

6

presumptively prejudicial because defendant's own hand caused the delay for the first year, and thus, the relevant period only began August 28, 2023. *Ali*, 47 F.4th at 698. As such, the delay would have only been 99 days when defendant's trial was to originally commence. Thus, the extent of the delay does not stretch beyond the bare minimum time to trigger review of this claim; the delay, in fact, falls far short of the necessary time to trigger review.

Consequently, the Court finds this factor weighs against defendant.

### B. Reason for the Delay

Second, even if the extent of the delay weighed in favor of defendant, the reason for any delay weighs wholly against defendant. Defendant asserts the government was negligent in not bringing him to federal court sooner. (Doc. 16-1, at 5). The longer the delay, defendant adds, the greater the delay weighs against the government. (*Id.*). More than this, the government could have and should have brought defendant to federal court, he argues, despite the pending state case and could have issued a writ at any time. (*Id.*, at 7-9).

The Court disagrees that the reason for the delay favors defendant. First, even if the Court were required to examine the entire 15-month period defendant alleges it should, the Court would find defendant caused the delay. Defendant was being tried for unrelated charges in state court, and he requested a multitude of continuances throughout the entire lifespan of that case. Thus, any delay, were the entire 15-months relevant, would be attributable to defendant. *Brown*, 325 F.3d at 1035 (discussing reasonable government decision not to seek custody based on disruption it would cause to state's ability to try defendant, which was neither negligent nor intentional delay); *Ali*, 47 F.4th at 698 (finding defendant responsible for the delay continuances caused when he acquiesced to continuances co-defendants requested or court ordered); *Sprouts*, 282 F.3d at 1043 (finding reason for delay under Fifth Amendment not attributable to government

7

when trial set based on court schedule and absent government continuances).  But the Court need only evaluate the relevant August 28, 2023, to December 4, 2023 timeframe; from the time defendant was arrested in this case until the originally scheduled trial, any delay exists because of the Court's heavy trial schedule, as in *Sprouts*.  Such delay is attributable to neither party and does not weigh against the government or in favor of defendant.

It is true the government could have issued a writ at any time, and interrupted the state proceedings, to bring defendant to federal court.  That, though, is not required for the government to avoid violating the Sixth Amendment.  When offenders violate the laws of more than one sovereign government, it is obvious governments will have to wait in line to prosecute the offender.  It is customary—and an appropriate exercise of comity between sovereign governments—that the sovereign holding the offender be afforded the opportunity to complete its proceedings without interference from another sovereign government by snatching the offender out of custody to be prosecuted by the other sovereign government.  Thus, "simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay that weighs in favor of the government." *United States v. Watford*, 468 F.3d 891, 903 (6th Cir. 2006) (cleaned up). Further, states are not required to honor a federal writ of habeas corpus ad prosequendum; it is only a matter of comity when they do so.  *See Ponzi v. Fessenden*, 258 U.S. 254, 261-62 (1922).

Thus, the Court finds this factor does not weigh in defendant's favor.

### C.    Assertion of the Right

Next, the third factor weighs neither against defendant nor in defendant's favor. Defendant asserts that though true defendant never asserted his right to speedy trial until

this motion, it was impracticable for him to do so.[2]  (Doc. 16-1, at 8-9).  Defendant expands on this point, stating that defendant had no prior experience with the federal system and had no counsel once his state charge was dismissed in his related state case.  (*Id.*, at 8).  Further, defendant never received an Assertion of Rights form while in state custody.  (*Id.*, at 8 n.5).  In his reply brief, defendant also argues that his state-appointed counsel had been repeatedly disciplined for unrelated reasons in unrelated cases, suggesting that that attorney should be blamed for failing to assert defendant's rights.

The Court is not persuaded here.  The record shows that when defendant was in state custody, he was aware this federal charge was pending against him.  (Doc. 16-1, at 8).  He did not demand speedy trial while in state custody.  *United States v. Webber*, 479 F.2d 331, 333 (8th Cir. 1973) ("Thus, while not requiring an assertion of the right as an absolute rule, the court announced that a defendant has some responsibility to assert a speedy trial."); *see also United States v. Dowl*, 394 F. Supp. 1250, 1256 (D. Minn. 1975) ("Although the defendant admits some knowledge of his right . . . , the court is not convinced that defendant, without counsel, should be deemed to have waived his right or even that this lack of demand should weigh against the defendant[.]").  Whether defendant's state-appointed counsel was effective or deficient in defendant's or other cases is beside the point.  Defendant had knowledge of the federal charges and has made no showing that he attempted—through his state-appointed attorney or otherwise—to assert a demand for speedy trial on his federal charges.

---

[2] The Court notes defendant argues erroneously that he had no counsel when the state dismissed the firearm case related to the alleged instant offense conduct.  The record shows defendant still had counsel in his unrelated controlled substance case after the state court dismissed the firearm case.  (Doc. 19-2).  The government asserts this fact is important here (Doc. 19, at 8), but the Court finds differently when as here defendant had state-appointed counsel for a specific case only.  Defendant's state attorney had the duty to represent him in the state matter only; the attorney was not required to assert defendant's rights as to a federal case for which the attorney was not appointed.

Defendant eventually asserted the right through counsel soon after his initial appearance and arraignment in federal court, however. Given defendant eventually asserted his right through counsel despite knowing for approximately a year prior that he had been indicted, this factor appears neutral. *See Erenas-Luna*, 560 F.3d at 778 (discussing equipoise of assertion of right). It does not, therefore, weigh against or in favor of defendant.

As such, the Court finds this factor weighs in neither party's favor.

### D. Prejudice

Last, defendant argues he has been prejudiced by the delay under all three categories listed in *Barker*. First, he argues the uncertainties and length of incarceration he has faced have been oppressive—he will have been in custody for 770 days when his original trial date of December 4, 2023, would have occurred, and 454 days would have passed since the time he was indicted. (Doc. 16-1, at 9-10). Defendant asserts that this waiting with uncertainty has given him significant anxiety in addition to the "oppressive nature" detention already causes. (*Id.*). Also, having had no opportunity to consult federal counsel, defendant argues that his federal defense was prejudiced because he opened himself to Rules 404(b) and 609 evidence by pleading guilty to his unrelated controlled substances charge. (*Id.*).

Defendant has not shown prejudice. There is no oppressive pretrial incarceration here. Defendant fails to note that during the first 671 days of his period of incarceration, he was in state custody and knew regardless that he was facing state charges and would remain in custody. His lengthy time in state custody prior to federal arrest and custody is not the oppressive pretrial incarceration contemplated in *Barker* and its progeny. *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007). Further, defendant has not shown, nor does the record even indicate, his anxiety and concern beyond defendant's general statement that the length of incarceration and uncertainty caused him anxiety and

concern. There will always be some degree of anxiety and concern for a defendant named in a charging document, but that alone does not establish prejudice. "Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served." *United States v. Shepard*, 462 F.3d 847, 864-65 (8th Cir. 2006).

As for defendant's argument that the delay and lack of counsel to advise him of collateral consequences the state plea would cause in this case, defendant still has not established prejudice. The Court can only speculate, and thus will not, that state counsel discussed collateral consequences and the impact of defendant's plea in relation to this case. But what is clear is that defendant's guilty plea may be admissible under Federal Rules of Evidence 404(b) and 609. Evidence of that charge, depending on its use and circumstance, may have been admissible absent any plea under Rule 404(b). And if that evidence is truly more prejudicial than probative, it will not come in. FED. R. EVID. 609. Still, this evidence is not so extreme or detrimental that it will inhibit defendant's defense to such a degree that the Court should take the drastic step of barring the federal government from prosecuting defendant for his alleged federal offense. Defendant, in total, has pointed to no material prejudice caused by any delay he alleges occurred in this case.

The Court thus finds that this factor does not weigh in defendant's favor.

## *V.     CONCLUSION*

For these reasons, the Court **denies** defendant's Motion to Dismiss the Indictment. (Doc. 16).

**IT IS SO ORDERED** this 17th day of November, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

11